UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EULOGIO MORA, JR.,

                           Plaintiff,

    v.                                    No. 03-CV-1217
                                                      (NAM/DRH)

RICHARD J. BOCKELMANN, Sheriff of Ulster County; BRADFORD EBEL, Corrections Superintendent of Ulster County Jail; D. SICKELS, Corrections Officer of Ulster County Jail; and CORRECTIONS MEDICAL CARE, INC. ,

                           Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

EULOGIO MORA, JR.
Plaintiff Pro Se
No. 03-A-5105
Coxsackie Correctional Facility
Post Office Box 200
West Coxsackie, New York 12051-0200

MAYNARD, O'CONNOR, SMITH &       MICHAEL E. CATALINOTTO, SR., ESQ.
   CATALINOTTO, LLP                MICHAEL E. CATALINOTTO, JR., ESQ.
Attorney for defendants Bockelmann    MICHAEL T. SNYDER, ESQ.
   Ebel, and Sickels
Post Office Box 180
Route 9W
Saugerties, New York 12477

WILSON, ELSER, MOSKOWITZ, EDELMAN   DAVID L. COCHRAN, ESQ.
   & DICKER, LLP
Attorney for defendant Corrections
   Medical Care, Inc.
677 Broadway
Albany, New York 12207

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff pro se Eulogio Mora, Jr. ("Mora"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983. Mora contends that the defendants, three Ulster County employees ("Ulster County") and Corrections Medical Care, Inc. ("Corrections Medical Care"), a company contracted to provide medical care to inmates at the Ulster County Jail, violated his constitutional rights under the Eighth and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending are defendants' motions to compel discovery and Corrections Medical Care's request for an order to dismiss the complaint for failure to comply with discovery demands. Docket Nos. 34, 36. Mora opposes the motions and moves for the appointment of counsel. Docket Nos. 40-42. For the following reasons, it is ordered that defendants' motions to compel be granted, Corrections Medical Care's request for an order dismissing the complaint be denied, and Mora's motion for the appointment of counsel be denied.

**I. Background**

On March 16, 2004, Ulster County served Mora with a first set of interrogatories, a first request for documents, and combined discovery demands. Snyder Aff. (Docket No. 24) at ¶ 3 & Exs. C-E.  On May 12, 2004, Corrections Medical Care served Mora with a first set of interrogatories, expert demand, and a demand for document production. Cochran Aff. (Docket No. 25) at ¶ 5 & Exs. C-E.  By letters dated May 25, June 1, and June 16, 2004, defendants requested that Mora respond to their discovery requests. Id. at Ex. G; Snyder

2

Aff. at Exs. G & H. On May 24 and August 5, 2004, Corrections Medical Care and Ulster County moved to compel Mora to respond to these discovery demands. Docket Nos. 24, 25.

On September 13, 2004, Mora responded to defendants' motions and referred defendants to his complaint for answers to certain interrogatories, objected to other interrogatories, indicated that he had provided defendants with all of the documentation in his possession, and indicated that he could not answer the remainder of defendants' discovery requests without the appointment of counsel. Mora Aff. (Docket No. 28) at 1-3. Mora also moved for the appointment of counsel. Docket No. 27. Mora's motion to appoint counsel was denied on October 12, 2004. Docket Nos. 31. There was no response to Corrections Medical Care's discovery request. Through letters, defendants made a good faith effort to resolve this discovery dispute prior to filing the motion. See N.D.N.Y.L.R. 7.1(e).

In an order dated December 8, 2004, the Court directed Mora to respond to Ulster County's discovery requests by January 10, 2005 and to respond to Corrections Medical Care's discovery requests by January 24, 2005. Docket No. 33. Mora was warned that the failure to respond to defendants' discovery demands in accordance with the order might result in his being precluded from offering evidence in this case if it should proceed to trial or might result in dismissal of this action. Id. On February 15, 2005, Mora had not complied with defendants discovery demands. The Ulster County defendants moved for an order dismissing Mora's complaint, or in the alternative, directing Mora to respond to their discovery demands or be precluded from giving evidence on the matters set forth in such demands. Docket No. 34. Corrections Medical Care moved for an order dismissing Mora's

complaint pursuant to Fed. R. Civ. P. 37(b) for failure to comply with the Court's December 8, 2004 order. Docket No. 36. Mora opposes both motions.[1] Docket No. 42.

On June 13, 2005, in response, Mora again referred defendants to his complaint for answers to certain interrogatories, objected to other interrogatories, indicated that he had provided defendants with all of the documentation in his possession, and indicated that he could not answer the remainder of defendants' discovery requests without the appointment of counsel. Docket No. 40. Mora also filed a motion for the appointment of counsel. Docket No. 41.

## II. Discussion

### A. Motions

Rule 37(b)(2)(C) provide courts with the power to sanction in the form of dismissal where a party has demonstrated willful disregard for a discovery order. Indep. Investor Protective League & Bader v. Touche Ross, 607 F.2d 530 (2d Cir. 1978); Int'l Mining Co. v. Allen, 567 F. Supp. 777 (S.D.N.Y. 1983).  Here, Mora failed to comply with the Court order requiring him to produce and respond appropriately to defendants' discovery requests. The Court also granted Mora an extension until June 8, 2005 to file a response to the pending motions. Docket No. 38.

Mora did not willfully disregard his discovery obligations to the extent that dismissal is warranted as a sanction.  In light of Mora's pro se status and the special solicitude to which

---

[1] It appears from Mora's opposition papers that Mora believed that defendants moved for summary judgment. Docket No. 42. However, in light of the recommendation herein, the points raised by Mora as to the merits of his claim are not considered.

he is entitled, dismissal is not warranted at this point. However, Mora's failure to respond to defendants' discovery demands in accordance with the order may result in his being precluded from offering evidence in this case if Mora fails to respond to defendants' discovery demands on counsel for both parties no later than **September 5, 2005**. If Mora again fails to comply with this order, defendants may move for an order of preclusion preventing Mora from presenting evidence at trial.

### B. Motion for the Appointment of Counsel

Mora has renewed his motion for the appointment of counsel. Docket No. 41. On October 12, 2004, the Court denied Mora's first motion for appointment of counsel without prejudice to renew upon a showing that he was unable to obtain counsel through the private sector or public interest law firms. Docket No. 31.

In determining whether to appoint counsel, the court must consider several factors, the first of which is whether the indigent's position seems likely to be of substance. Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). However, prior to evaluating a request for appointment of counsel, a party must first demonstrate that he or she is unable to obtain counsel through the private sector or public interest firms. Cooper v. A. Sargenti Co., Inc. 877 F.2d. 170, 173-74 (2d Cir. 1989) (quoting Hodge, 802 F.2d at 61). Here, Mora fails to substantiate any effort made to retain counsel through the private sector or public interest law firms and, accordingly, Mora's motion for the appointment of counsel is denied.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that:

    1. Defendant Correction Medical Care's motion to dismiss (Docket No. 36) is **DENIED**;

    2. Defendant Ulster County's motion to compel (Docket No. 34) is **GRANTED**, Mora shall respond to defendants' discovery requests, as detailed above, no later than **September 5, 2005**, and defendants are granted leave to file a motion to preclude if Mora fails to comply with this order; and

    3. Mora's motion for the appointment of counsel (Docket No. 41) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 22, 2005
       Albany, New York

_David R. Homer_
United States Magistrate Judge