**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

EULOGIO MORA, JR.,

                                        Plaintiff,

         v.                                                      No. 03-CV-1217
                                                                    (NAM/DRH)

RICHARD J. BOCKELMANN, Sheriff of Ulster
County; BRADFORD EBEL, Corrections
Superintendent of Ulster County Jail; D.
SICKELS, Corrections Officer of Ulster
County Jail; and CORRECTIONS MEDICAL
CARE, INC.,

                              Defendants, Cross-Claimants,
                              and Cross-Defendants.
_____

**APPEARANCES:**                               **OF COUNSEL:**

EULOGIO MORA, JR.
Plaintiff Pro Se
No. 03-A-5105
Livingston Correctional Facility
Box 1991
Sonyea, New York 14556-0049

MAYNARD, O'CONNOR, SMITH &            MICHAEL CATALINOTTO, SR., ESQ.
   CATALINOTTO, LLP                     ROBERT A. RAUSCH, ESQ.
Attorney for Defendants Bockelmann, Ebel,
   and Sickels
6 Tower Place
Albany, New York 12203

WILSON, ELSER, MOSKOWITZ, EDELMAN      F. DOUGLAS NOVOTNY, ESQ.
   & DICKER, LLP                        ELIZABETH J. GROGAN, ESQ.
677 Broadway - 9th Floor
Albany, New York 12207-2996

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

                    **REPORT-RECOMMENDATION AND ORDER**[1]
_____

[1]This matter was referred to the undersigned  for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Eulogio Mora, Jr. ("Mora"), an inmate in the custody of the New York State Department of Correctional Services, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three employees of the Ulster County Sheriff's Department and a contract medical care provider, violated his constitutional rights under the Eighth Amendment.  Compl. (Docket No. 1).  Presently pending are the joint motions of the defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 37(d) for Mora's failure to testify at a deposition.  Docket Nos. 67, 68.  Mora opposes the motions.  Docket No. 69. For the following reasons, it is recommended that the motions be granted.

## I. Background

Mora contends that on June 24, 2003, while incarcerated at the Ulster County Jail, he slipped and fell on a puddle of water which had gathered on the floor outside the shower area.  Compl. at ¶ 5.  Mora alleges that the three Ulster County employees were on notice of the defective condition and failed to repair it or to warn Mora of its existence.  Id. at ¶¶ 6-11.  Mora further alleges that he injured his back and hips in the fall but that defendant Corrections Medical Care, Inc. ("CMC"), a private contract medical care provider for the Ulster County Jail, failed to provide adequate medical care for Mora's injuries.  Id. at ¶ 12. Mora seeks compensatory and punitive damages.  Id. at § 7.

Mora commenced this action on October 3, 2003.  Compl.  A scheduling order was entered on January 7, 2004 and the parties commenced discovery.  Docket No. 15.  On March 16, 2004, the Ulster County defendants served Mora with various written discovery demands.  Rausch Aff. (Docket No. 67) at ¶ 3.  When Mora failed to provide sufficient responses, the motion of the Ulster County defendants for a compulsion order was granted

2

and Mora was ordered on December 8, 2004 to serve complete responses.  Docket No. 33.

When Mora's response again proved inadequate, the defendants again moved for and were

granted an order on July 22, 2005 compelling Mora to serve complete responses.  Docket

N. 47.  Both compulsion orders warned Mora that his continued failure to provide discovery

could result in an order precluding him from offering certain evidence to support his claims.

Docket Nos. 33, 47.  When Mora's responses again proved insufficient, defendants' motion

for a preclusion order was granted on June 22, 2006.  Docket No. 66.

Defendants then sought to take Mora's oral deposition.  Rausch Aff. at ¶ 7.

Defendants had provided Mora with notice of their intent to take his deposition as early as

May 16, 2006.  Id. at ¶ 11.  In correspondence dated July 7, 2006, Mora was notified that

the deposition would take place on July 18, 2006 at Gowanda Correctional Facility where

Mora was then incarcerated.  Id. at ¶ 11 & Ex. D.  On that date, the two defense attorneys

traveled to Gowanda from their offices in Albany, a distance of approximately 330 miles

each way.  Mora appeared for the deposition but declined to be sworn or to answer any

questions.  Transcript of Mora Deposition (Docket No. 67(3)) ("Tr.").  Mora stated that he

had received inadequate notice of the deposition, he would not proceed without being

represented by counsel,[2] and he required an interpreter.  Tr.  Defense counsel advised

Mora that if he did not proceed with the deposition, they would move to dismiss the

complaint.  Tr. at 3-4, 9.  Mora also declined defense counsels' suggestion that they attempt

---

[2]By the date of the deposition, Mora had made three motions for the appointment of counsel to represent him in this case.  Docket Nos. 27, 41, 57.  All were denied.  Docket Nos. 31, 47, 60.  The last order, filed February 1, 2006, stated that the denial was "without prejudice **to renew at the time of the trial in this matter** . . . ." Docket No. 60 (emphasis in original).  The record does not reflect that Mora filed any other motions for the appointment of counsel after that date.

3

to contact the presiding magistrate judge for a ruling on Mora's rights regarding the deposition, but Mora declined.  Id. at 7-8.  The deposition did not proceed and these motions followed.

## II. Discussion

Defendants seek the sanction of dismissal pursuant to Fed. R. Civ. P. 37(d).  Rule 37(d) provides in pertinent part that

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . .

Rule 37(b)(2)(C) provides that among the sanctions a court may impose is dismissal of the action.  A party who appears for a deposition but then declines to be sworn or to testify may be deemed to have failed to appear.  See 8A C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2291, at 716 (2d ed. 1994).  The party seeking the imposition of sanctions bears the burden of proof.  Id.

The first question presented is whether defendants have shown that Mora failed to appear for his deposition after proper notice.  Mora received notice mailed eleven days prior to the deposition which he acknowledged receiving.  Mora contended to the parties that this allowed him insufficient time to find an attorney to represent him.  However, at that point, the case had been pending for over two years, Mora had been on notice for months that defendants intended to take his deposition, and his motions for appointment of pro bono counsel had been denied on three occasions.  On this record, then, Mora receive adequate

notice of the deposition and was not entitled to additional time to find legal representation.

Moreover, it is clear from the transcript of the proceedings that Mora refused to be sworn or

to testify, stating repeatedly that he would not do so.  Tr. at 2, 5-6, 8, 10.  Therefore,

although Mora was physically present for the deposition, his refusal to be sworn and testify

constitutes a failure to appear within the meaning of Rule 37(d)(1).

Having demonstrated that Mora was served with proper notice and that he failed to

appear for the deposition, the next question presented is whether the sanction of dismissal

should be imposed for this conduct.  In determining whether to impose sanctions and, if so,

the sanctions to be imposed, a court must consider all circumstances relevant to the

particular case, including but not limited to the history of the offending party's compliance

with discovery and court orders, the opportunity for compliance, the effectiveness of lesser

sanctions, the notice of and opportunity to defend against the possible sanctions, any

prejudice to the adverse party from the noncompliance, and the party's personal

responsibility for the noncompliance.  See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d

849, 853-54 (2d Cir. 1995); McDaniel v. County of Schenectady, No. 04-CV-757

(GLS/RFT), 2005 WL 1745566, at *4 (N.D.N.Y. July 21, 2005) (Treece, M.J.).

Here, first, Mora has regularly failed to comply with court orders.  Two separate

compulsion orders were entered against him regarding his failures to provide adequate

written discovery responses.  Docket Nos. 33, 47.  Mora's continued failure to provide

defendants written discovery resulted in an order of preclusion.  Docket No. 66.  Mora's

refusal to be deposed followed from and was consistent with these earlier violations of court

orders and continued even after defense counsel advised Mora that if he continued to

refuse to be deposed, defendants would move to dismiss the action.  Tr. at 3-4, 9.  In short,

5

Mora's history of noncompliance with court orders and discovery in this case extends from the beginning of the case and has continued uninterrupted to date.  See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763-65 (2d Cir. 1990) (affirming dismissal of action for pro se plaintiff's failure to appear at deposition).

Mora also received ample time to respond.  The transcript of the deposition proceeding reveals that he was repeatedly invited to change his position and proceed with the deposition, to speak with a judge to obtain a clarification of his rights, and that the defendants would move to dismiss the action if he persisted in his refusal.  Tr.  Mora nevertheless continued his refusal throughout.

As to the effectiveness of lesser sanctions than dismissal, Mora was previously ordered precluded from offering certain evidence to support his claims as a sanction for noncompliance with discovery orders.  Docket No. 66.  That order significantly diminished the evidence available to Mora to support his claims.  Nevertheless, it failed to deter him from continuing his noncompliance with discovery at his deposition.  Therefore, first, the lesser sanction of preclusion has already been imposed in this case without any apparent deterrent effect on Mora's conduct.  Second, the imposition of the sanction of precluding Mora from testifying to support his claims would be tantamount to dismissal in any event as it does not appear that any other evidence exists to support his claims.  Accordingly, at this stage and on this record, no sanction other than dismissal appears meaningful.

Mora received notice of the instant motions both at the time of his deposition when he could have avoided the motions by testifying and by service of those motions on him by defendants.  He has opposed the motions.  Docket No. 69.  Mora has, therefore, received more than adequate notice here.

6

The prejudice to defendants here is twofold.  First, the consequence of Mora's refusal to be deposed is the deprivation to the defendants of an opportunity to discover the evidence supporting Mora's claims and to defend against that evidence.  That prejudice grows greater here where Mora had already wrongfully declined to provide defendants with responses to written discovery demands.  Second, defendants' counsel incurred expenses in traveling to an from Gowanda for the deposition which, given Mora's financial condition, cannot be transferred to Mora.  See Docket Nos. 2, 5 (Mora is proceeding in forma pauperis in this action).  The prejudice to defendants here is thus extensive.  Finally, the extent of Mora's responsibility for the noncompliance is total.  He has proceeded pro se since the inception of the action and no other potentially responsible parties appear from the record.

Thus, the circumstances of this case compel the conclusion that Mora's willful refusal to be deposed militates strongly in favor of the sanction of dismissal as the only sanction comporting with the nature and effect of Mora's conduct.  Two factors which might weigh against imposition of that sanction must be considered, however.  First, Mora has been proceeding in this action pro se.  As the Second Circuit Court of Appeals has recently reaffirmed, pro se litigants such as Mora are entitled to certain special considerations.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("There are many cases in which we have said that a *pro se* litigant is entitled to '"special solicitude,'"").  Such "special solicitude," however, focuses on construing pleadings and enforcing compliance with procedural rules, both of which may prove difficult for a litigant untrained in the law.  Id. A party's pro se status, though, does not constitute a license for willful noncompliance with court orders and discovery obligations.  See Gillum v. Nassau Downs Regional Off Track Betting corp., 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005); Hall v. Flynn, 829 F. Supp. 1401,

7

1402 (N.D.N.Y. 1993) (McAvoy, J.) (A pro se litigant "who continues to demonstrate a lack of due diligence in the face of clear warnings[] will only be afforded so much latitude.").  A lack of legal training or education cannot obviate the noncompliance here.  Therefore, Mora's pro se status should not be deemed to weigh against the sanction of dismissal.

Second, Mora contended at the deposition proceeding for the first time that he required the services of an interpreter.  Tr. at 6-7.  There is no basis in fact to conclude that Mora required an interpreter.  At that point, Mora had been proceeding in the case for over two years without requesting or requiring an interpreter.  No instance had arisen where the need for an interpreter appeared.  Mora's written submissions were adequately organized, written, and presented and betrayed no suggestion that Mora required any assistance with the English language.  A review of the transcript of the deposition proceeding reveals that Mora comprehended the contentions of defendants' counsel, responded appropriately, asserted his own contentions without the slightest suggestion of the need for an interpreter, and was reasonably articulate.  The record itself thus belies any claim that Mora required an interpreter at his deposition.

Accordingly, defendants' motions for dismissal as a sanction under Rule 37(d) should be granted and the complaint should be dismissed in its entirety.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P.. 37(d) (Docket Nos. 67, 68) be **GRANTED** and the case be terminated as to

all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  January 29, 2007
        Albany, New York


_____

                                          David R. Homer
                                          United States Magistrate Judge